UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATASHA ADAMS,

    Plaintiff,

Case No. 08-15028

v.

Hon. John Corbett O'Meara

KAREN HANSON,

    Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM ORDER OF DISMISSAL**

Before the court is Plaintiff's motion for relief from order of dismissal, filed June 5, 2009. Defendant submitted a response on June 23, 2009. Plaintiff seeks reconsideration of the court's order granting Defendant's motion for summary judgment and dismissing her complaint, which was entered May 28, 2009.

**BACKGROUND FACTS**

Defendant Karen Hanson is an assistant Genesee County prosecutor. In connection with a preliminary examination in a gang-related racketeering case, Hanson subpoenaed Plaintiff LaTasha Adams to testify. One of the defendants charged in the case was Marquan Cager, the father of one of Adams' children. On August 28, 2008, Adams appeared at the Genesee County courthouse and met with Hanson. Hanson provided Adams with a copy of a statement she had made to law enforcement officers in 2006. Adams told Hanson that she would not testify in conformity with the document because she did not make the statement attributed to her.

Hanson advised Adams that she would have to testify; Adams refused.[1] Adams also informed Hanson that she was pregnant and on bed rest. Hanson returned to the courtroom and advised Judge Nathaniel C. Perry III that Plaintiff was not willing to testify or come into the courtroom. Judge Perry then ordered that Adams be detained. (There was apparently some confusion regarding whether she was held on a contempt charge or as a material witness.)

Two Genesee County sheriff's deputies then met with Adams and asked if she was going to testify. When Plaintiff declined to testify, she was handcuffed and escorted to the Genesee County Jail. Adams alleges that she was never brought before a judge or magistrate and advised of any charges, placed under oath and ordered to testify, or given an opportunity to obtain counsel or post bond. She was released from jail twelve days later, on September 9, 2008, after she testified at the continued preliminary examination.

## LAW AND ANALYSIS

**I.    Standard of Review**

Although Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b), the court will construe Plaintiff's motion as a motion for reconsideration pursuant to Local Rule 7.1(g), which presents a less stringent standard.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(g)(3).

---

[1] Hanson asserts that she gave Adams the option of testifying that the previous statement was not true, but Adams refused.

**II.   Prosecutorial Immunity**

Plaintiff brought this suit against Hanson in her individual capacity on December 5, 2008, alleging various constitutional violations pursuant to 42 U.S.C. § 1983. Granting Defendant's motion for summary judgment, the court dismissed the action based upon prosecutorial immunity. As discussed below, Plaintiff has not demonstrated a "palpable defect" which, if corrected, would result in a different outcome. See LR 7.1(g).

A prosecutor is entitled to absolute immunity for all actions she takes while acting within the scope of her duties as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The Supreme Court uses a "functional approach" when determining whether a prosecutor is entitled to absolute immunity. Id. The prosecutorial function includes the initiation and pursuit of a criminal prosecution and most appearances before the court, including examining witnesses and presenting evidence. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Burns v. Reed, 500 U.S. 478, 486 (1991). The prosecutorial function does not include acting as an investigator or complaining witness. Buckley, 509 U.S. at 275; Kalina v. Fletcher, 522 U.S. 118, 129-31 (1997).

Plaintiff argues that Hanson acted as a complaining witness against her by informing the court that Adams refused to testify. The mere fact that Hanson made representations to the court regarding the whereabouts of her next witness does not make her a complaining witness, however. See Rivera v. Leal, 359 F.3d 1350, 1354-55 (11th Cir. 2004). Significantly, Hanson did not provide sworn testimony to the court. "The sworn/unsworn distinction is more than critical; it is determinative." Id. In Rivera, the court concluded that a prosecutor who provided the court with mistaken information, causing the wrong man to be arrested, did not act as a

complaining witness because he did not provide sworn testimony.

In contrast, the prosecutor in Kalina was not granted absolute immunity for submitting an affidavit in which she "personally vouched for the truth of the facts set forth in the certification under penalty of perjury." Kalina, 522 U.S. at 505. That is not the case here, where Hanson did not testify, but was acting as an advocate for the state in connection with a preliminary examination. See id. ("[T]he prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate.").

## ORDER

IT IS HEREBY ORDERED that Plaintiff's June 5, 2009 motion for relief from order of dismissal is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: July 22, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 22, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager